JOEL R. L. DOUGLAS *vs.* SOLOMON SHUMWAY.

The owner of land, who sells wood standing thereon, with authority to the vendee to cut it within a certain time, has no lien on the wood for the price, in case of the vendee's insolvency after the wood is cut, and before it is removed.

A mortgage of wood standing on land of the mortgagor is a mortgage of personal property, and a record thereof in the registry of deeds is ineffectual, and an office copy of such record incompetent evidence, although the mortgagor resides out of the State.

ACTION OF TORT for the conversion of one hundred and fifty cords of wood. The answer denied the plaintiff's property and

D

the conversion ; and alleged that the wood was the property of one Benson, and was attached by the defendant, being a deputy sheriff, as Benson's property, at the suit of Richard D. Rawson; and was also taken by the defendant as the agent and by the direction of Rawson, who was " the owner thereof or had a lien thereon for the price." Trial before *Metcalf*, J., who signed this bill of exceptions :

" It appeared that on the 30th of October 1857 Rawson, being the owner of a tract of woodland situate in Douglas in this county, conveyed all the wood thereon standing to Benson by a bill of sale, which stipulated that Benson should have until the 1st of April 1859 to clear the wood and timber from the above described lot. Benson gave therefor his promissory note payable on demand, with interest, for the sum of $400.

" The plaintiff offered to show that on the 17th of November 1857 Benson mortgaged said wood, which was then standing and growing on the land, to the plaintiff, to secure a preëxisting debt. Evidence was offered by him that the mortgage was lost, and he then offered a writing certified by the register of deeds for the county of Worcester to be a true copy of the mortgage. It appeared from said copy, and also by the testimony of the plaintiff, that there was a subscribing witness to the mortgage; and also that the same had never been recorded in any town clerk's office. The plaintiff and Benson were both residents in Connecticut.

" The defendant objected that the copy was not admissible in evidence without first calling the subscribing witness ; and further that the certificate of the register of deeds was no evidence of the copy, as the town clerk's office was the proper place to record the same, and that the plaintiff could not claim title under said mortgage, or give the same in evidence without said record. But the presiding judge admitted the copy in evidence, and ruled that the plaintiff was entitled to hold under the same.

" The plaintiff further offered evidence to show that on the 16th of July 1858 Benson sold to him said wood, and hauled twenty cords of it off the lot for him, and delivered to him on Rawson's lot about one hundred cords thereof which then

remained thereon; and that the defendant afterwards, to wit, on the 2d of September 1858, attached the same as the property of Benson at a suit instituted by Rawson on said note. The plaintiff testified that at time of his purchase he knew that the property was bought of Rawson, and supposed it was not paid for.

" The defendant offered to show that before he took possession of said wood Benson had become insolvent; that he had never paid for the same; that the same had always remained on the land of Rawson; and that he took possession of the same as the agent of Rawson by his direction to assert his vendor's lien thereon. But the presiding judge rejected the evidence.

" The jury found for the plaintiff. To which rulings the defendant respectfully excepts."

The arguments upon the points not decided are omitted.

*C. Devens, Jr. & G. F. Hoar*, for the defendant. 1. The wood sold still remaining on land of the vendor, his lien upon it for the price still existed. The enforcement of the lien is not a rescission of the contract, but a proceeding under the contract to obtain the price. *Arnold* v. *Delano*, 4 Cush. 33. *Newhall* v. *Vargas*, 15 Maine, 314. This lien would not be divested even by sale of the wood to a *bona fide* vendee; he could take no greater title than the seller. *Houlditch* v. *Desanges*, 2 Stark. R. 337. *Craven* v. *Ryder*, 6 Taunt. 433. *Arnold* v. *Delano*, above cited. The lien on the remainder is not divested by part delivery. *Payne* v. *Shadboldt*, 1 Campb. 427. *Bloxam* v. *Sanders*, 4 B. & C. 941. *Miles* v. *Gorton*, 2 Cr. & M. 504. Story on Sales, § 290. Acceptance of a bill or note does not destroy the seller's lien, if the note be still in his hands; because there is an implied condition that, while the goods remain in the seller's hands, the purchaser shall keep his credit good. *Arnold* v. *Delano* and *Miles* v. *Gorton*, above cited. Story on Sales, § 285. In the present case, the note had become due while the property was in the seller's hands.

2. A sale of standing wood is a sale of personal property only. *Claflin* v. *Carpenter*, 4 Met. 580. *Nettleton* v. *Sikes*, 8 Met. 34. *Nelson* v. *Nelson*, 6 Gray, 385. The instrument of

November 17th 1857 therefore could only operate as a mortgage of personal property. Delivery of the property or a record of the mortgage in the proper town clerk's office is essential, in order that property should pass by a mortgage of personalty. Rev. Sts. *c.* 74, § 5. *Travis* v. *Bishop,* 13 Met. 304. *Shapleigh* v. *Wentworth,* 13 Met. 358.

The mortgage being improperly recorded in the registry of deeds, the certified copy from the register should not have been admitted as evidence. The principle on which a certified copy is admitted requires that it should be a certificate from an officer whose duty it was to record the original. 1 Greenl. Ev. § 484–485 & note; § 498. *Scanlan* v. *Wright,* 13 Pick. 523. *Arnold* v. *Tourtellot,* 13 Pick. 172. This is on the same principle that a deed admitted to record without acknowledgment does not operate as notice.

*P. C. Bacon & A. Dadmun,* for the plaintiff. 1. The conveyance of the wood from Rawson to Benson included a lease of the land upon which it was, for the purpose of cutting the trees, for a time which had not expired when Benson sold the wood to the plaintiff, and therefore Rawson, not being in possession of the land upon which the wood was, could have no lien thereon The sale and delivery to the plaintiff, in good faith and for a valuable consideration, before the defendant took possession to arrest Rawson's lien, would of itself terminate Rawson's right to hold the wood, if he had any. *Arnold* v. *Delano,* 4 Cush. 33. *Tansley* v. *Turner,* 2 Bing. N. C. 151. *Hurry* v *Mangles,* 1 Campb. 452. *Smith* v. *Synes,* 1 Selden, 45. Story on Sales, §§ 308–311, 315, 341. 2 Kent Com. (6th ed.) 545.

2. It was necessary to the protection of the mortgagee, that the mortgage should be recorded in the registry of deeds ; for, until severance, the wood was, for many purposes, real estate. The record copy was therefore properly admitted in evidence. As the mortgagor resided out of the Commonwealth, the mortgage could not be recorded in the office of the clerk of the town of his residence.

BIGELOW, J. 1. The evidence offered in support of the defendant's claim to a lien as vendor of the wood was rightly

rejected. The contract of sale contemplated that the vendee should expend labòr and money in felling the trees and preparing the wood for market ; and the case finds that the wood had been cut by the vendee, and a portion thereof sold by him and hauled off the land. We think these facts are inconsistent with an existing right of lien in the vendor for the purchase money. We know of no case where such a right has been recognized, after the vendee has, at his own expense, in pursuance of the contract of sale, changed the character of the property, and by his own labor and money added to its value. By these acts the vendor must be deemed to have parted with his possession and control of the property. The vendee, by himself and his agents, had taken it into his actual possession, and incorporated with it the labor bestowed by him in preparing it for sale. There was therefore such a change of possession from the vendor to the vendee as to defeat any right of lien in the vendor. Upon this ground, the case is clearly distinguishable from *Arnold* v. *Delano*, 4 Cush. 33.

2. But on another ground we think the verdict must be set aside. A contract for the sale of standing wood, to be cut and carried away by the vendee, is to be construed as passing only an interest in the trees, when they are severed from the freehold. They then pass to the vendee as personal property. *Claflin* v. *Carpenter*, 4 Met. 580. *Nettleton* v. *Sikes*, 8 Met. 34. Under the contract in the present case the vendee acquired no interest in the land. He could not therefore convey any to the plaintiff by his mortgage. His conveyance could only operate to pass the interest which he had acquired in the trees as personal chattels. It follows that the mortgage to the plaintiff was recorded in the registry of deeds without warrant of law, and a copy of it, even if otherwise competent, was not authenticated by any officer having authority to certify it. *Pitcher* v. *Barrows*, 17 Pick. 361. *Blood* v. *Blood*, 23 Pick. 84. It was not therefore competent secondary evidence of the original mortgage which was lost, and should have been excluded at the trial.

*New trial ordered.*